**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA FLORIDA**

MICHAEL J. GRIFFITH,

    Plaintiff,

vs.

CONSOLIDATED
CASE NO.: 3:05cv354/MCR/EMT

FIDELITY NATIONAL INSURANCE
COMPANY, et al.,

    Defendants.

_____/

**O R D E R**

    The parties have filed three separate notices and stipulations of voluntary dismissal in this action.  (Docs. 46, 51, 55).  Pursuant to Rule 41(a)(1)(ii), an action may be dismissed by filing a stipulation of dismissal signed by all parties appearing in the action. Dismissal may not be effected upon the pending stipulations as they fail to contain the requisite signatures of all parties.  The stipulations may be re-filed with complete signatures, or Plaintiff may otherwise file a motion for dismissal under Rule 41(a)(2).

    The court conducted a Rule 16 conference in this action on March 31, 2006, following which the consolidated action as to Fidelity National Insurance Company was stayed until May 1, 2006, to allow exploration of resolution of the claims between Plaintiff and Fidelity National Insurance Company.  Upon joint motion of the parties, the stay was continued until May 15, 2006.  Pursuant to the parties' Rule 26 joint report filed May 19, 2006, Plaintiff and Fidelity National Insurance Company were "continuing to work towards early resolution."  The period of stay has expired and the court has not been advised of any resolution reached between Plaintiff and Fidelity National Insurance Company. Furthermore, in review of the docket, it is unclear to the court whether the parties have

submitted to mediation as ordered. The Final Scheduling and Trial Order and Mediation Referral entered May 23, 2006, set forth the trial date, discovery and other pretrial deadlines. (See doc. 47). Pursuant to paragraph 9 of that order, the parties were ordered to mediate the case on or before a date 28 days after the discovery deadline, with the mediator's report due within 14 days thereafter. The deadlines for conducting mediation and filing the mediator's report are now passed and the docket sheet does not reflect any notice of a scheduled mediation or its outcome. Therefore, the parties shall file a status report regarding the completion of the ordered mediation. In the event the parties have failed to mediate as ordered, they shall show cause why sanctions should not be imposed against both counsel for failure to comply with an order of the court.

Accordingly, it is ORDERED:

1. The parties shall have five (5) days from the date of this order to file a status report as to the completion of the ordered mediation. In the event the parties have failed to mediate as ordered, they shall show cause why sanctions should not be imposed against both counsel for failure to comply with an order of the court.

2. Failure to comply with this order will result with the imposition of sanctions, which may include dismissal of this cause without prejudice.

**DONE** this 21st day of February, 2007.

                                           s/ *M. Casey Rodgers*
                                           **M. CASEY RODGERS**
                                           **UNITED STATES DISTRICT JUDGE**